IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Ellison, | ) | C/A NO. 3:06-1053-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Rehabilitation Services of Columbus d/b/a | ) | |
| Human Performance Rehabilitation | ) | |
| Centers and Heart Rate, Inc., d/b/a | ) | |
| Versa Climber USA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant Rehabilitation Services of Columbus d/b/a Human Performance Rehabilitation Centers (HPRC)[1] for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed an opposition to the motion on August 21, 2006, to which Defendant HPRC replied August 24, 2006. This matter is therefore ripe for resolution.

On March 3, 2003, Plaintiff was receiving therapy and exercise treatment at one of HPRC's facilities when he was injured while using a machine allegedly manufactured by Defendant Heart Rate, Inc. Plaintiff filed suit in the Richland County Court of Common Pleas on March 14, 2006, eleven days after the expiration of the applicable statute of limitations period.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts as pleaded in the complaint, the case can be decided as a matter of law. *Tollison v. B & J*

---

[1] Defendant indicates in its pleadings that Plaintiff has mis-identified it, and that it should be identified as "Human Performance & Rehabilitation Centers, Inc."

*Machinery Co., Inc.*, 812 F. Supp. 618, 619 (D.S.C. 1993). *See also S&S Const., Inc. of Anderson v. Reliance Ins. Co.*, 42 F. Supp. 2d 622, 623 (D.S.C. 1998). When the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate. *Tollison*, 812 F. Supp. at 619.

If the court considers matters outside the pleadings, the Rule 12(c) motion is converted to a motion for summary judgment. Fed. R. Civ. P. 12(c). In such a circumstance, the Rule requires that both parties be given "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(c). In the present matter, Plaintiff's attorney has submitted an affidavit and exhibits in response to HPRC's motion. Defendant HPRC has replied to Plaintiff's opposition, arguing that this court should not consider counsel's affidavit and exhibits, and that even if these documents are considered, Plaintiff has failed to prove that the conduct complained of warrants a finding of equitable estoppel tolling the applicable statute of limitations. Defendant HPRC's reply does not contest the accuracy of facts relating to the timing or substance of the conversations and correspondence between Plaintiff's counsel and HPRC's insurance agent. Under these circumstances, the court exercises its discretion to consider the affidavit of Plaintiff's counsel and its supporting exhibits, and converts this motion to one for summary judgment.

"Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." *Black v. Lexington Sch. Dist. No. 2*, 488 S.E.2d 327, 330 (S.C. 1997) (citations omitted); *see also Kleckley v. Northwestern Nat. Cas. Co.*, 526 S.E.2d 218, 220 (S.C. 2000); *Holy Loch Distribs., Inc. v. Hitchcock*, 503 S.E.2d 787 (S.C. Ct. App.1998). This inducement may consist of either an express representation that the claim will be settled without

2

litigation or conduct suggesting a lawsuit is not necessary. *Black*, 488 S.E.2d at 330. The defendant's conduct may also lead a plaintiff either to believe that an amicable adjustment of the claim will be made without suit or to forbear exercising the right to sue. *Republic Contracting Corp. v. South Carolina Dept. of Highways and Pub. Transp.*, 503 S.E.2d 761 (S.C. Ct. App.1998).

In the present case, Plaintiff's counsel avers that he was hired by Plaintiff on September 28, 2005; that he contacted HPRC by letters on November 1, 2005, and December 5, 2005; that he was contacted by telephone by a representative of HPRC on December 19, 2005, indicating that the matter had been turned over to HPRC's insurance company; and that on January 23, 2006, he received a call from an agent with Arch Speciality Insurance Company "indicating that her investigation revealed a manufacturing problem in this case and specifically [ ] that she would copy me on a letter that she was sending the manufacturer. I accepted this ostensible assistance in good faith since I needed the identity of the manufacturer to properly align the Defendants." Aff. of Everett Hope Garner at 1, 2 (attached to Memorandum in Opposition, Dkt. #19, filed Aug. 21, 2006). Plaintiff's counsel also avers that this agent contacted him again on February 27, 2006, and assured him that she "'hadn't forgotten about her promise to provide [him] information on the manufacturer.'" *Id*.

Plaintiff presents no argument that the insurance agent's conduct consisted of an express representation that the claim would be settled, or that the conduct of the agent led plaintiff's counsel to believe a lawsuit would not be necessary. At most, Plaintiff could argue that the agent's actions

caused him some delay in determining the manufacturer of the machine upon which Plaintiff was allegedly injured.[2] However, this had nothing to do with Plaintiff's claim against HPRC.

Defendant HPRC's motion, construed by this court as one for summary judgment, is hereby granted.[3] Defendant HPRC is hereby dismissed with prejudice from this action.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 30, 2006

C:\temp\notesB0AA3C\~4859870.wpd

---

[2] The court does not, by any means, hold that HPRC's agent had some duty to provide this information to Plaintiff's counsel. Plaintiff makes no claim that Arch Speciality Insurance Company also indemnifies Heart Rate, Inc. in this or any other matter.

[3] Plaintiff presents no opposition to HPRC's motion as to Plaintiff's claim for breach of implied warranty.