IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Ellison, ) | C/A NO. 3:06-1053-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Rehabilitation Services of Columbus d/b/a ) | |
| Human Performance Rehabilitation ) | |
| Centers and Heart Rate, Inc., d/b/a ) | |
| Versa Climber USA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's motion for reconsideration pursuant to Rule 59(e), and Defendant Heart Rate, Inc.'s (Heart Rate) motion for summary judgment. For the reasons below, Plaintiff's motion is **denied** and Heart Rate's motion for summary judgment is **granted in part and denied in part**.

**Motion for Reconsideration**

This court's August 30, 2006, order is one for partial summary judgment, and is, therefore, interlocutory. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). The court accordingly treats Plaintiff's "Rule 59(e)" motion as one for reconsideration. A district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); *cf.* Fed. R. Civ. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any

1

time before the entry of [final] judgment"). This power of reconsideration is committed to the discretion of the district court. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

The court **denies** Plaintiff's motion for reconsideration. Plaintiff has made insufficient showing that there has been a change in the controlling law, or that this court committed a clear error of law in its August 30, 2006, order.

**Motion for Summary Judgment**

Heart Rate has moved for summary judgment based upon a statute of limitations defense. Plaintiff has responded in opposition, arguing that Heart Rate should be "estopped" from asserting a statute of limitations defense, and that the statute of limitations for a breach of implied warranty claim is six years.

Plaintiff argues that Heart Rate should be estopped from asserting a statute of limitations defense, yet the argument presented by Plaintiff relates to the actions of an insurance agent for Arch Speciality Insurance Company, the indemnitor of Defendant Rehabilitation Services of Columbus. Plaintiff makes no claim that Arch Speciality Insurance Company also indemnifies Heart Rate in this or any other matter. Plaintiff presents no evidence that the three-year statute of limitations does not apply to his negligence and strict liability causes of action. Therefore, summary judgment is granted to Heart Rate on these causes of action.

Heart Rate also moves for summary judgment on Plaintiff's claim for breach of implied warranties, contending that the same three-year statute of limitations applies to actions for breach of implied warranties. Plaintiff objects, citing South Carolina Code § 36-2-725 as the applicable

statute of limitations for his claims for breach of implied warranties.

Heart Rate does not contend–beyond its cursory statement that "there is no genuine issue of any material fact," Mot. for Summ. J. at 1 (Dkt. #23, filed Sept. 12, 2006)–that Plaintiff's claims for breach of warranty are not covered by Article 2 of the Uniform Commercial Code (U.C.C.). Therefore, to the extent Plaintiff's cause of action for breach of warranties may arise under Article 2 of the U.C.C., it appears Heart Rate's motion for summary judgment should be, and is, **denied.**

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2006

C:\temp\notesB0AA3C\06-1053 Ellison v. Rehabilitation Services e m for recon and for sumjgm.wpd