IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Ellison, ) | C/A NO. 3:06-1053-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Rehabilitation Services of Columbus d/b/a ) | |
| Human Performance Rehabilitation ) | |
| Centers and Heart Rate, Inc., d/b/a ) | |
| Versa Climber USA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on the motion for summary judgment filed by Defendant Heart Rate, Inc., d/b/a Versa Climber USA (Defendant).[1]

This matter was originally filed in state court and was thereafter removed to this court on April 4, 2006. On November 1, 2006, this court granted Defendant's motion for summary judgment except as to Plaintiff's breach of warranty claims.

In South Carolina, a products liability case may be brought under several theories, including breach of warranty. *Rife v. Hitachi Const. Machinery Co., Ltd.*, 609 S.E.2d 565, 568 (S.C. Ct. App. 2005). Whether he proceeds under a theory of negligence, strict liability, or breach of implied warranty,[2] Plaintiff must establish that: "(1) he was injured by the product; (2) the injury occurred

---

[1] Defendant Rehabilitation Services of Columbus d/b/a Human Performance Rehabilitation Centers was previously dismissed from this action. *See* Order (Dkt. # 21, filed Aug. 30, 2006). Therefore, it is not a party to the current motion.

[2] Plaintiff makes no claim regarding any express warranty associated with the machine upon which he was injured.

1

because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant." *Id*.

There is no dispute that Plaintiff was injured while using the Versa Climber. Thus, only the second and third elements of the above-referenced test appear to be in dispute. As to these elements, Plaintiff has presented only his own affidavit, reproduced below in its entirety:

> I am the Plaintiff in the above captioned action. On or about March 3, 2003, I was undergoing physician prescribed therapy and exercise treatments at a rehabilitation facility and using a machine identified as a Versa Climber.
>
> During the course of my use of this machine on the day in question, the pedal on the machine suddenly stripped out of its port on the side of the machine causing severe injury to my foot which necessitated multiple surgeries. At the time, I had been using the machine in the same routine manner as I had used it on all previous occasions during the course of my therapy. I visually examined the machine in question and it did not appear that any alterations to the original structure and features of the machine had been effected. The machine in question should have been and was intended to accommodate rapid foot movements utilizing foot pedals and to accommodate the weight of a man. At the time of my injury I weighed approximately 250 pounds and was using the machine for the purpose for which it was designed and intended and prescribed by my doctor.

Affidavit of Plaintiff (Dkt. # 47-2, filed Jan. 31, 2007).

The language in the affidavit most critical to the second element of the test is Plaintiff's assertion that "the pedal on the machine suddenly stripped out of its port on the side of the machine."[3] Combined with the undisputed nature of the device and Plaintiff's assertion that he was using the machine as intended, this averment arguably provides sufficient probative evidence to

---

[3] In his memorandum in opposition to summary judgment, Plaintiff states that "a pedal on the machine cracked and broke from the machine suddenly." Memo. in Opp. at 2 (Dkt. # 47-1, filed Jan. 31, 2007). This suggests a different defect from that noted by Plaintiff's affidavit, which refers to a pedal striping out of a port, not to a pedal cracking and breaking.

allow a jury to find the Versa Climber defective. While a contrary argument may be made,[4] the court will, for present purposes, assume this evidence is sufficient to preclude summary judgment as to the second element.

The more critical question relates to the third element, which requires proof that, at the time of the accident, the Versa Climber was in essentially the same condition as when it left the hands of the Defendant. On this point, Plaintiff offers only his own assertion that the machine did not appear to him to have been modified. The report of Defendant's expert, however, opines that the machine was roughly ten years old at the time of the accident, and appears to have undergone some retrofitting.[5]

Plaintiff has failed to offer any evidence establishing the history of the machine from the time it left Defendant's hands until Plaintiff's injury. Presumably, such information would come from records of the owner of the machine. Plaintiff's own testimony as to his visual inspection of the

---

[4]Some argument may be made that more is required to establish that the product was in a defective condition at the time of Plaintiff's injury. *See Sunvillas Homeowners Ass'n, Inc. v. Square D Co.*, 391 S.E.2d 868, 870 (S.C. Ct. App. 1990) (citing *Campbell v. Robbins Tire and Rubber Co.*, 256 S.C. 230, 182 S.E.2d 73 (1971)) ( "The mere fact a product malfunctions does not . . . establish the product was defective.").

[5]The report of Defendant's expert, Jeff L. Faber (Faber), indicates that based upon his review of photographs of the Versa Climber, "the machine has undergone some retrofit or repair based on the presence of two additional threaded holes on the internal bars of this machine." Report of Jeff L. Farber, Attached to Plaintiff's Memorandum in Opposition (Dkt. # 47-2, filed Jan. 31, 2007). The expert did not, however, state that this "retrofit or repair" is located at or near the pedal in question. Therefore, the proffered expert's testimony goes only to the general premise that the device had likely been in use for a sufficient period of time during which some modification or repair was made. As discussed below, this is relevant only to opposing any presumption of non-modification. *See generally Fleming v. Borden, Inc.*, 450 S.E.2d 589, 593 (S.C. 1994) (quoting 1 Robert D. Hersh & Henry J. Bailey, American Law of Products Liability 2d § 130 (1974) ("Liability [may] . . . be imposed upon a manufacturer or seller notwithstanding subsequent alteration of the product . . . [when] the alteration . . . did not causally contribute to the damages or injuries complained of.").

3

Versa Climber is not enough to establish the absence of any modifications. Moreover, the absence of modifications would not, in itself, prove that the Versa Climber was in the same condition as when it left Defendant's control, given the normal effects of usage and the common need for maintenance, particularly on machines with moving parts. Plaintiff has not offered any expert testimony which might possibly fill this evidentiary gap. Plaintiff has, therefore, failed to offer evidence from which a jury might find in his favor on this third element.

Instead, Plaintiff asks the court to presume that the Versa Climber was in the same condition as when it left Defendant's hands, based solely on absent proof to the contrary. Not only does this impermissibly shift the burden of proof to Defendant, but it ignores evidence which militates against any such presumption. Most critically, Defendant has submitted evidence that the machine was manufactured on or about April 20, 1993. The alleged failure of the Versa Climber occurred roughly ten years later. In the interim, the commercial use of the Versa Climber (for at least part of this time) and the extensive period of time since the machine's manufacture weigh against any presumption that there have been no changes to the product, whether through modification, normal wear and tear, or as a result of routine maintenance (*e.g.*, the tightening of screws or bolts holding the pedal in place), any of which might have changed the condition of the machine. Even assuming the modifications found by Defendant's expert were to a different part of Versa Climber, the fact that one modification has been made counters any presumption that the machine is in the same condition as when it left Defendant's hands.

In summary, Plaintiff has failed to present evidence from which a reasonable jury could conclude that the machine is in the same condition as when it left Defendant's hands. Plaintiff argues for, but offers no legal foundation for, adopting a rebuttable presumption that the machine's

condition is unchanged.  In any case, the particular circumstances of this case, including the Versa Climber's age and use, would make any presumption that the machine has remained unchanged purely speculative.  *See Sunvillas Homeowners Ass'n, Inc. v. Square D Co.*, 391 S.E.2d 868, 870 (S.C. Ct. App. 1990) (citing *Campbell v. Robbins Tire and Rubber Co.*, 256 S.C. 230, 182 S.E.2d 73 (1971)) ("The mere fact a product malfunctions does not . . . establish the product was defective.").

Defendant's motion for summary judgment is **granted**, and this matter is dismissed in its entirety.  The Clerk shall enter judgment for Defendants Rehabilitation Services of Columbus d/b/a Human Performance Rehabilitation Centers and Heart Rate, Inc., d/b/a Versa Climber USA .

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 12, 2007

C:\temp\notesFFF692\06-1053 Ellison v. Rehab Services gr Versaclimber m for sumjgm warranties.wpd